IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCELLIOUS D. TUCKER,

    Petitioner,

vs.

TOM L. CAREY, et al.,

    Respondents.

No. CIV S-05-0319 LKK DAD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

/

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    Petitioner does not challenge his 1991 judgment of conviction entered in the Sacramento County Superior Court following his conviction on the charge of second degree murder with enhancements for use of a firearm in the commission of a felony. Rather, petitioner challenges a $20,000.00 restitution order imposed by the state trial court as part of his criminal

/////

1

1  sentence.[1]  In this regard, petitioner argues that he was not provided with a pre-sentence report
2  and that a hearing was not conducted by the trail court to determine his ability to pay restitution.
3  Petitioner also contends that he was homeless at the time of the commitment offense and does
4  not have the ability to pay restitution as ordered by the state court.[2]

5  The court is required to examine a petition for federal habeas corpus relief before
6  requiring a response to it.  See Rules 3 & 4, Rules Governing § 2254 Cases.  "If it plainly appears
7  from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the
8  judge shall make an order for its summary dismissal . . . ."  Rule 4, Rules Governing § 2254
9  Cases.  Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits
10 when no claim for relief is stated.'"  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)
11 (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).  The court finds that this
12 petition should be summarily dismissed.

13 A habeas action is proper when a prisoner challenges the fact or duration of his
14 custody and a determination of his action may result in plaintiff's entitlement to an earlier release.
15 See Preiser v. Rodriguez, 411 U.S. 475 (1973).  Here, petitioner does not seek release from
16 custody and cannot collaterally attack his restitution order by way of habeas corpus petition.  See
17 United States v. Thiele, 314 F.3d 399, 400 (9th Cir. 2002) (interpreting 28 U.S.C. § 2255)
18 United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir.1999) (id.).  It is immaterial that
19 petitioner arguably raises a due process issue as the basis for challenging his restitution order;
20 rather, the court must focus on the nature of the relief sought.  Thiele, 314 F.3d at 402; Kramer,
21 195 F.3d at 113.
22 /////
23

---

[1] Apparently the state court, in fact, imposed a restitution fine of $10,000.00 in petitioner's case.  See Petition, Attachments.

[2] Based on petitioner's trust account statement, it appears that he receives between $60 to $74 per month from his prison job.

Finally, petitioner relies upon various decisions interpreting federal law with respect to restitution orders in federal criminal cases to support his claim. See Petition, Attach., "Points and Authories [sic]," at 1. Those decisions are inapplicable in this case. Under California law the sentencing court is required to impose a restitution fine in every case where a person is convicted of a crime unless it finds compelling and extraordinary reasons for not doing so. Cal. Penal Code § 1202.4(b). "A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine." Cal. Penal Code § 1202.4(c).

Of course, habeas corpus relief is unavailable for alleged errors in the interpretation or application of state sentencing laws by either a state trial or appellate court, unless the error resulted in a complete miscarriage of justice. Hill v. United States, 368 U.S. 424, 428 (1962); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). So long as a state sentence "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." Makal v. State of Arizona, 544 F.2d 1030, 1035 (9th Cir. 1976). Thus, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994). Applying these principles in federal habeas proceedings, the Ninth Circuit Court of Appeals has specifically refused to consider alleged errors in the application of state sentencing law. See, e.g., Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989).

Petitioner's claim that the state court improperly imposed a restitution fine as part of his sentence without taking into account his ability to pay the total amount of that fine does not implicate fundamental unfairness or suggest the complete miscarriage of justice. Therefore, this action should be summarily dismissed.

/////

3

1       Accordingly, IT IS HEREBY ORDERED that petitioner's application to proceed in forma pauperis is granted.

      Also, IT IS HEREBY RECOMMENDED that the petitioner's application for a writ of habeas corpus be summarily dismissed.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 3, 2006.

                        /s/ Dale A. Drozd
                        DALE A. DROZD
                        UNITED STATES MAGISTRATE JUDGE

DAD:4
tuck319.157